*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-PR-567

IN RE GEORGE CANNON; BRETT E. COHEN, APPELLANT.

Appeal from the Superior Court
of the District of Columbia
(IDD-294-10)

(Hon. Kaye K. Christian, Hon. Natalia M. Combs Greene, Hon. Maurice Ross,
Petition Judges)

(Submitted March 1, 2022                    Decided July 21, 2022)

*Brett Cohen*, pro se.*

Before BECKWITH and EASTERLY, *Associate Judges,* and THOMPSON, *Senior Judge*.

EASTERLY, *Associate Judge*: The Superior Court denied a court-appointed guardian's request for compensation for travel time and mileage from his Bethesda office on the ground that this request was not authorized under the Probate Division's "travel compensation policy." Because this policy—which is

---

* No Appellee's brief was filed. The District of Columbia filed a statement in lieu of a brief.

inconsistent with past compensation practice in this and other probate cases—lacks an adequate foundation, we reverse.

## I. Facts and Procedural History

Brett Cohen was appointed to serve as a limited healthcare guardian for George Cannon in 2010. Over the next decade he filed ten fee petitions in which he requested and was awarded compensation for performing his court-appointed duties, including his travel time and mileage from his Bethesda office. In November 2020, Mr. Cohen filed his tenth fee petition, which, consistent with his prior petitions, included travel time and mileage from his Bethesda office. But this time, the Superior Court rejected his request.[1]

The court initially stated that "[t]he [c]ourt may approve compensation for ordinary travel within the Washington metropolitan area," which the court defined

---

[1] In addition to denying Mr. Cohen's request for travel time and mileage from his Bethesda office, the Superior Court denied the balance of his fee petition because it deemed the entries impermissibly vague. We do not discuss the latter aspect of the court's ruling further, however, because Mr. Cohen subsequently filed an amended fee petition and ultimately received the payment he requested.

to include Bethesda,[2] "so long as the claims are reasonable." But the court immediately walked back from that rule, observing that (1) the Probate Division "often looks to the guidance set forth in the Voucher Preparation Guidelines for Attorneys Appointed Under the District of Columbia Criminal Justice Act ('CJA Guidelines'), dated October 15, 2012," and (2) "[p]er these guidelines, attorneys with offices outside of the District of Columbia *must* calculate travel time as though they were using their DC offices or the Courthouse when doing so would shorten the travel time." (emphasis added). The Superior Court then dubbed these guidelines the Probate Division's "travel compensation policy," quoting a seemingly definitive pronouncement in an order issued in a different Superior Court case, *In re Michael Bates*, 2008 IDD 224 (D.C. Super. Ct. Dec. 19, 2019): "the [c]ourt requires attorneys to calculate travel from their District of Columbia offices, when they live or have offices outside of the District of Columbia, or otherwise from the Courthouse." On this basis, the court denied Mr. Cohen compensation for any travel time or expenses.[3]

After some procedural missteps by Mr. Cohen that are not relevant here, the court awarded him some compensation for his travel time and expenses, but it

---

[2] Without citation, the court stated that "[t]he Washington metropolitan area is defined as Washington, D.C., Montgomery and Prince George's Counties, Maryland, and Arlington and Fairfax Counties, Virginia."

[3] To demonstrate the savings realized by adhering to the asserted policy of relying on the CJA Guidelines, the court calculated the distance and time for travel originating from the courthouse using Google Maps. *But see infra* note 13.

declined to reconsider its refusal to allow him to bill for travel time and mileage from his Bethesda home office as he had for the past decade. Instead, the court reiterated on multiple occasions that it was following Probate Division policy as articulated in *Bates*. This timely appeal followed.

## II. Analysis

Court-appointed fiduciaries are entitled to reasonable payment for their work, "[a]s approved by order of the court." D.C. Code § 21-2060(a) (2022 Supp.); *see also* Super. Ct. Prob. R. 308(a). This court reviews "the denial of a compensation request for abuse of discretion and . . . the underlying legal principles de novo." *In re Robinson*, 216 A.3d 887, 890 (D.C. 2019).

In its initial order denying Mr. Cohen compensation for travel time and expenses, the Superior Court stated that it was following the Voucher Preparation Guidelines for Attorneys Appointed Under the District of Columbia Criminal Justice

Act,[4] which the Probate Division had adopted as its compensation policy, at least for compensation regarding travel. There are several problems with the court's rationale.

First, we are not aware of any promulgated rule, administrative order, published set of guidelines, or standards stating that the Probate Division of the Superior Court follows the CJA Guidelines. *See In re Wilson*, No. 19-PR-1203, 2022 WL 2517352, at \*2 (D.C. Jul. 7, 2022) (acknowledging the absence of any guidelines and observing that, "ideally, people appointed to be guardians would be able to consult uniform rules and policies in preparing their petitions for fees from the Guardianship Fund. They would know what categories of costs and fees the court will and will not compensate."). Nor does it appear that the CJA Guidelines were drafted with anyone in mind other than counsel representing indigent criminal defendants. *See* Plan for Furnishing Representation to Indigents Under the District

---

[4] The October 15, 2012, CJA Guidelines, which do not appear to be available on the D.C. Courts' website, but which Mr. Cohen included in his appendix, provide in pertinent part:

> Where travel time to a destination from the attorney's home or office is greater than the time from the courthouse to that destination, the attorney is only entitled to the lesser of those times. . . . The rationale behind this rule is that the Court should not be subsidizing attorneys who choose to live or work in areas outside the District of Columbia.

of Columbia Criminal Justice Act dated March 1, 2009 ("the CJA Plan") (authorizing promulgation of the CJA Guidelines and stating that it "provides for the furnishing of legal services to indigents who have been charged or face the possibility of being charged with criminal offenses.").[5]

Second, neither the Superior Court judge in this case nor the judge in *Bates* has the authority simply to adopt the CJA Guidelines for travel time and expenses as Probate Division policy. Individual judges in individual cases cannot make courtwide policy decisions. Rather, depending on the nature of the policy in question, Superior Court policy decisions are made by designated entities—for example, the Chief Judge of the Superior Court,[6] the Superior Court Board of Judges assisted by its Rules Committee,[7] or the Joint Committee on Judicial Administration (which drafted the CJA Plan)[8]—following special procedures.[9]

---

[5] D.C. Court Rules Ann., Vol. 1 (ed. 2010), https://www.dccourts.gov/sites/default/files/matters-docs/DC_CJA_Plan_2009.pdf; https://perma.cc/3WNA-P7R5.

[6] *See* D.C. Code § 11-1702(b) (2012 Repl.).

[7] *See In re Gardner*, 268 A.3d 850, 857–58 (D.C. 2022).

[8] *See* D.C. Code § 11-1701(a) (2012 Repl.) (creating the Joint Committee).

[9] *See* D.C. Code § 11-1702(b) (conferring supervisory authority over the internal administration of the Superior Court on the Chief Judge of the Superior Court "consistent with the general policies and directives of the Joint Committee"); *Moghalu v. United States*, 263 A.3d 462, 478 n.2 (D.C. 2021) (Easterly, J.,

Third, the information that the Probate Division has disseminated about billing for travel time and expenses actually indicates that billing for travel time from a Bethesda address is permissible. Not only does the most recent Administrative Order on the Re-establishment of the Probate Fiduciary Panel, signed in 2019 by then Chief Judge Morin, state that a member of the panel need only have an office in the "Washington Metropolitan Area,"[10] the Probate Division's Frequently Asked Questions page states that "the Court may, in its discretion, approve compensation for mileage within the Washington, DC, Metropolitan area if the claim is reasonable" and warns only that "[t]ravel time *from an office outside the Washington, DC, Metropolitan area* may not be compensable" (emphasis added).[11] And then, of course, there are the nine prior orders in this case issued over the span of a decade

---

concurring) (describing the rule promulgation process); D.C. Code § 11-2601 (2012 Repl.) (directing the Joint Committee to "place in operation . . . a plan for furnishing representation to any person in the District of Columbia who is financially unable to obtain adequate representation" in certain criminal, civil commitment, or juvenile cases).

[10] Morin, C.J., Superior Court of the District of Columbia Administrative Order 19-06 at 2 (May 22, 2019), https://www.dccourts.gov/sites/default/files/2019-05/19-06%20Reestablishing%20Probate%20Fiduciary%20Panel.pdf; https://perma.cc/89GP-HMZV (last visited July 7, 2022).

[11] *Intervention Proceedings (INT/IDD) FAQs*, District of Columbia Courts, https://www.dccourts.gov/services/faqs/filtered?location[0]=int-iddlegal&location[1]=int&location=intervention; https://perma.cc/XQA8-3CD (last visited Jul. 6, 2022). The FAQs also state that "[t]ravel time and mileage to and from Court is *not* compensated in accordance with the practice in CCAN and CJA cases." (emphasis added).

in which the court granted Mr. Cohen's petitions for compensation that included travel time and expenses from his Bethesda office.

None of this is to say that a decision could not be made to adopt a policy akin to the CJA Guidelines for travel time and expenses in the Probate Division (it would not be our place to so hold because a division of this court likewise lacks policymaking authority, *see In re Gardner*, 268 A.3d at 857–58).[12] Our point is only that such a policy decision must be made in the proper manner and with adequate notice to the public and, in particular, the individuals accepting court appointments as fiduciaries. In this case, because the Probate Division does not have a legitimately adopted policy aligning with the CJA Guidelines for travel compensation, the Superior Court could not categorically deny Mr. Cohen's request for travel time and mileage from his Bethesda office. Rather, the court was obligated to assess whether Mr. Cohen's travel-related billing was reasonable.[13] *See Wilson*, 2022 WL 2517352,

---

[12] We note, however, that the CJA Guidelines adopt a distinct approach to compensation that may not be readily transferable to the Probate Division. Specifically, the CJA Guidelines explain that they "provide[] for 'fair compensation,' . . . not necessarily . . . 'full compensation'" and that there is an understanding that "[a] substantial element of appointed counsel's representation under the [Criminal Justice] Act remains public service." It is not at all clear that the same understanding holds for court appointments of fiduciaries in probate matters.

[13] In assessing reasonableness on remand, we caution reliance on Google Maps calculations. *See supra* note 3. Although a court may make, for example, a

at \*1–\*3.  Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*So ordered.*

---

common sense assessment that an hour of travel should not be billed to make a one-mile trip (absent explained extenuating circumstances), the court's reliance on specific times and distances derived from a Google Maps search seems more akin to independent, outside-the-record information gathering.  *See Davis v. United States*, 567 A.2d 36, 41 (D.C. 1989) (concluding that "trial judge erred in undertaking an off-the-record investigation" to check the veracity of record facts); *see also* D.C. R. Jud. Conduct 2.9(C) ("A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed.").  Moreover, the variability of travel due to traffic conditions on particular dates and times arguably defeats the ability to make definitive calculations of which a court could take judicial notice.  *See Mejia-Cortez v. United States*, 256 A.3d 210, 215 (D.C. 2021) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." (internal quotation marks omitted)).